**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARVIN BROWN,       :   Civil No. 3:25-cv-1597
              :
    Petitioner      :   (Judge Mariani)
              :
   v.           :
              :
COMMONWEALTH OF PA, *et al.*,   :
              :
    Respondents    :

## MEMORANDUM

Petitioner Marvin Brown ("Brown") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Luzerne County, Pennsylvania. For the reasons set forth below, the Court will dismiss the habeas petition as untimely and a certificate of appealability will not issue.

## I.  Background

On May 17, 2021, Brown pled guilty to aggravated assault and carrying a firearm without a license. (Doc. 1, at 1; Doc. 18-1, at 2-15, *Commonwealth v. Brown*, No. CP-40-CR-0001330-2020 (Pa. Ct. Com. Pl. Luzerne Cnty.); Doc. 18-1, at 17-20, Transcript of Guilty Plea and Sentencing dated May 17, 2021). On May 17, 2021, the trial court sentenced Brown to an aggregate term of imprisonment of 60 to 120 months. (*Id.*). Brown did not file a post-sentence motion or direct appeal. (*See* Doc. 18-1, at 2-15, *Commonwealth v. Brown*, No. CP-40-CR-0001330-2020). Therefore, his judgment of

sentence became final on June 16, 2021.  *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").

On August 21, 2024, Brown filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. § 9541, *et seq.*  (Doc. 18-1, at 21-30, Motion for Post Conviction Relief dated August 21, 2024).  Brown subsequently filed supplements to his PCRA petition.  (*See* Doc. 18-1, at 33, 36).  On December 12, 2024, counsel was appointed to represent Brown.  (*See id.* at 36).  On January 8, 2025, counsel filed a motion to withdraw and a no-merit letter.  (*See id.*).  On January 9, 2025, the trial court granted counsel's motion to withdraw.  (*See id.*).

On March 7, 2025, the PCRA court issued a notice of intention to dismiss the PCRA petition.  (*See id.* at 37).  Brown did not respond to the notice.  (*See id.*).  On April 7, 2025, the PCRA court dismissed the PCRA petition and supplements.  (*See id.*).  On August 4, 2025, Brown filed a *pro se* notice of appeal with the Pennsylvania Superior Court.  (Doc. 18-1, at 31-35).  On September 15, 2025, the PCRA court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), concluding that Brown's notice of appeal with the Pennsylvania Superior Court was untimely and should be quashed.  (Doc. 18-1, at 36-41).  In the Rule 1925(a) opinion, the PCRA court also concluded that even if

2

Brown's notice of appeal was timely filed, his PCRA petition was untimely filed, had no merit, and was properly dismissed. (*See id.*). On February 24, 2026, the Pennsylvania Superior Court affirmed the order of the PCRA court "on the basis that the PCRA court lacked jurisdiction to consider the merits of the petition because it was untimely filed, and Brown failed to prove that any timeliness exception applied." *Commonwealth v. Brown*, No. 1042 MDA 2025, 2026 WL 507863, at *5 (Feb. 26, 2026).

On or about August 18, 2025, Brown filed the instant federal habeas petition.[1] (Doc. 1).

## II.    Timeliness Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

---

[1]    Under the prisoner mailbox rule, the Court deems the petition filed on August 18, 2025, the date Brown signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Brown was sentenced on May 17, 2021. No direct appeal was filed. Therefore, his judgment of sentence became final 30 days later, on June 16, 2021. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Brown had one year after his sentence became final to file

his federal habeas petition.  Thus, the AEDPA statute of limitations under § 2254(d)(1)(A)

expired on June 16, 2022.  However, Brown did not file the instant petition until August 18,

2025, more than three years after the expiration of the statute of limitations.  Therefore, the

instant petition must be dismissed unless the statute of limitations was subject to statutory

or equitable tolling.

A.     Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for

the period of time when properly filed state post-conviction proceedings are pending in any

state court.  *See* 28 U.S.C. § 2244(d)(2).  Here, the statute of limitations began running on

June 16, 2021 and, absent any tolling, would expire on June 16, 2022.

Although Brown filed a PCRA petition on August 21, 2024, he failed to toll the statute

of limitations for filing his federal habeas petition because the PCRA petition was untimely

and not properly filed.  Brown's judgment of sentence became final on June 16, 2021 and

he had one year from that date, until June 16, 2022, to timely file a PCRA petition.  *See* 42

Pa.C.S.A. § 9545(b)(1) (under the PCRA, any petition must be filed within one year of the

date the judgment of sentence becomes final).  However, he did not file his PCRA petition

until August 21, 2024.

As stated, § 2244(d)(2) tolls the one-year statute of limitations with respect to the

"time during which a *properly filed* application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2)

(emphasis added). An application is "properly filed" for statutory tolling purposes "when its delivery and acceptance are in compliance with the [state's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Brown filed his PCRA petition on August 21, 2024, after the expiration of the one-year grace period. Because this PCRA petition was untimely, it did not properly toll the AEDPA statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (holding that PCRA petition had no effect on tolling because "the limitations period had already run when it was filed"). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *See id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). Caselaw is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See id.* at 417 ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not 'properly filed," and he is not entitled to statutory tolling under § 2254(d)(2)."). Accordingly, Brown is not entitled to statutory tolling for the period during which his PCRA petition was pending. As a result, absent equitable tolling or the applicability of the actual innocence exception, Brown's federal habeas petition is approximately three years late.

### B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d

Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after

the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, the Court finds that Brown failed to exercise reasonable diligence throughout the limitations period. He did not pursue a direct appeal and waited more than three years before filing his PCRA petition. By this time, both the state and federal collateral relief statutes of limitations had expired.

In addition to Brown's failure to demonstrate the exercise of reasonable diligence, he failed to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that the state court misled him regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted on this basis.

## C.    Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome the habeas limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has explained

that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin*, 569 U.S. at 394-95 (quoting *Schlup*, 513 U.S. at 329). While a petitioner alleging actual innocence need not prove diligence in order to assert such claim, "[un]explained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 385; *see also Schlup*, 513 U.S. at 332 ("[a] court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of…evidence [of actual innocence]").

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392).

Brown will only overcome his time-barred petition if he can make a credible "showing of actual innocence" under *McQuiggin*. Brown failed to provide new reliable exculpatory evidence to support an actual innocence claim and none can be extracted from the claims raised in his petition. Even more compelling is that Brown pled guilty to aggravated assault and persons not to possess firearms. Any claim of actual innocence is belied by Brown's

9

admission of guilt. As a result, Brown has not demonstrated that the "actual innocence"

exception to the AEDPA statute of limitations applies.

## III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate

of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, a COA should
> issue when the prisoner shows, at least, that jurists of reason would find it
> debatable whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable whether
> the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Brown failed to demonstrate that a certificate

of appealability should issue.

## IV.     Conclusion

The Court will dismiss Brown's petition (Doc. 1) for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February ___, 2026

11